HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTHA WANGARI,

    Plaintiff,

    v.

INTEGRATED LIVING SERVICES,

    Defendant.

CASE NO. C12-1066RAJ

ORDER

This matter comes before the court on Defendant's motion for discovery sanctions. For the reasons stated below, the court GRANTS the motion. Dkt. # 53. This order contains instructions to the parties regarding the completion of discovery.

Plaintiff Martha Wangari, who is representing herself in this case, has all but refused to participate in the discovery process. She has flatly refused either to respond to Defendant's written discovery requests or to provide any reason for her refusal. She appeared for deposition only after Defendant repeatedly attempted to convince her to appear and the court ultimately ordered her to appear. When she did appear for deposition on February 18, 2014, she refused to answer many questions, causing Defendant to seek the court's immediate intervention. The court intervened by telephone in the deposition and ordered Ms. Wangari to respond to Defendant's questions. When the deposition resumed, Ms. Wangari nonetheless continued to refuse to answer questions. Defendant brought this motion asking the court to either dismiss her case as a

ORDER – 1

sanction or to impose lesser sanctions commensurate with the egregiousness of Ms. Wangari's conduct.

There is no question that Ms. Wangari's conduct is egregious. The only question before the court is what level of sanction is appropriate.

The court will not dismiss Ms. Wangari's case *at this time*, although it will do so (as detailed below) if Ms. Wangari continues to refuse to provide discovery.

The court has seriously considered prohibiting Ms. Wangari from claiming emotional distress damages in this case, in light of her refusal to answer questions about her mental health and her refusal to identify her mental health care providers. The court declines to do so only because Ms. Wangari has not yet been specifically warned of the consequences of failure to answer certain questions. The court gives her that warning now. If she does not respond to written discovery requests and deposition questions about her mental health, including naming her mental health care providers, the court will prohibit her from claiming emotional distress damages in this case.

The court further warns Ms. Wangari that her failure to respond to either written discovery or deposition questions will result in, *at a minimum*, an order that deems her responses to written discovery or to deposition questions to be entirely favorable to Defendant. So, for example, if she fails to identify "all witnesses or individuals with knowledge of [her] alleged damages," as Defendant requests in its sixth interrogatory, the court will issue an order that there are no witnesses or individuals with knowledge of her damages, and will therefore preclude her from claiming damages. The court may also award attorney fees to Defendant.

The court will permit Defendant to depose Ms. Wangari a second time, for up to four hours (subject to extension if Ms. Wangari's conduct makes it impossible to conclude the deposition in four hours or fewer), on either June 24, 25, or 26, commencing at 9:00 a.m. The parties shall confer by telephone and choose one of those dates and

ORDER – 2

inform the court of their choice no later than 3:00 p.m. on June 3, 2014.[1] That deposition will take place in one of the anterooms on the 13th floor of this District's Seattle courthouse. Ms. Wangari shall be responsible for the costs of this second deposition, including a reasonable transcription fee. Defendant will be responsible for making arrangements for the deposition and initially paying costs. It may later submit a record of its costs to the court, and the court will issue an order directing Ms. Wangari to pay those costs. The court will not award attorney fees *at this time*, although it may do so in the future if Ms. Wangari's misconduct continues.

If Ms. Wangari does not appear for her deposition on the chosen date, the court will dismiss this case with prejudice as a sanction for failure to participate in discovery.

No later than June 19, Plaintiff shall insure that Defendant receives responses to its written discovery requests. If Defendant believes that those responses are inadequate, the court will conduct a discovery conference immediately before or after Ms. Wangari's deposition. If Ms. Wangari does not provide responses to Defendant's written discovery on or before June 19, the court will dismiss this case with prejudice as a sanction for failure to participate in discovery. The court may impose lesser sanctions, including an award of attorney fees, if she provides responses but they are not adequate.

Dated this 27th day of May, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

---

[1] The parties shall contact the court's in-court deputy clerk, Victoria Ericksen, at (206) 251-1270.

ORDER – 3